**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| CHRISTOPHER W. LEBLANC,<br><br>Petitioner,<br><br>v.<br><br>BRIAN CAHAK,<br><br>Respondent. | Case No. 26-CV-1344-JPS<br><br>**ORDER** |

## 1. INTRODUCTION

On August 5, 2026, Petitioner Christopher W. LeBlanc ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner paid the filing fee. *See* docket annotation to ECF No. 1. The Court will screen his petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

## 2. BACKGROUND

Petitioner's § 2254 petition relates to his underlying conviction in Kenosha County Circuit Court. ECF No. 1 at 2.[1] A criminal complaint was filed against Petitioner therein in July 2018. State Court Docket, July 9, 2018 docket entry. The State charged Petitioner with use of a computer to facilitate a child sex crime, exposing a child to harmful material, child

---

[1]*See State of Wisconsin v. Christopher W. LeBlanc*, No. 2018CF000721 (Kenosha Cnty. Cir. Ct. 2017), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2018CF000721&countyNo=30&mode=details (last visited Sept. 1, 2026) (cited to hereafter as "State Court Docket"). The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (collecting cases).

sexual exploitation, possession of child pornography, and bail jumping. *Id.*; ECF No. 1 at 17. Petitioner pled guilty to use of a computer to facilitate a child sex crime, with the remaining counts dismissed at sentencing. State Court Docket, Oct. 25, 2018. He received a sentence of fifteen years of initial confinement and twenty years of extended supervision. State Court Docket, Jan. 22, 2019 entry.

Following unsuccessful postconviction relief proceedings in the circuit court, ECF No. 1 at 17, Petitioner appealed his conviction to the Wisconsin Court of Appeals; in 2021, the Wisconsin Court of Appeals determined that the extended supervision portion of his sentence was excessive and reversed the decision of the circuit court and remanded the case for resentencing.[2] *Id*.

At resentencing before a different judge,[3] the circuit court imposed a thirty-five-year sentence, consisting of twenty years of initial confinement and fifteen years of extended supervision. State Court Docket, June 7, 2019 docket entry. Petitioner filed a motion for postconviction release, again challenging his sentence. ECF No. 1 at 19. The circuit court concluded that it had considered the proper sentencing factors, had not based his sentence on Petitioner's views of extramarital sex, had not engaged in judicial misconduct, and had not improperly punished Petitioner for exercising his appellate rights. *Id*. at 20. Petitioner appealed. *Id*.

---

[2]*See State of Wisconsin v. Christopher W. LeBlanc*, No. 2020AP000062-CR (Wis. Ct. App. 2020), *available at* https://wscca.wicourts.gov/case/2020AP000062 (last visited Sept. 1, 2026). The Court may take judicial notice of public records, including state court records. *See Henson*, 29 F.3d at 284.

[3]The Honorable Jason A. Rossell presided over Petitioner's original sentencing hearing, and the resentencing occurred before the Honorable Bruce E. Schroeder. ECF No. 1 at 18 n.4.

The Wisconsin Court of Appeals rejected his arguments that the circuit court: 1) erroneously exercised its sentencing discretion by improperly considering Petitioner's views on extramarital sex; 2) failed to craft an individualized sentence; 3) made remarks at sentencing that demonstrated objective bias that violated his due process rights; and 4) engaged in vindictive sentencing based on the prior exercise of his appeal rights. ECF No. 1 at 1 (hereinafter "Ground One," "Ground Two," "Ground Three," and "Ground Four").[4] Petitioner filed a petition for review on August 18, 2025, which was summarily denied by the Wisconsin Supreme Court on May 20, 2026. *Id*. at 3, 34.

Petitioner remains incarcerated at Oshkosh Correctional Institution, with a maximum discharge date in June 2053. *Offender Locator*, WIS. DEP'T OF CORRS., https://appsdoc.wi.gov/lop/details/detail (last visited Sept. 1, 2026). The bases for this petition include Ground One, Ground Two, and Ground Four.

## 3. ANALYSIS

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993)

[4] *See State of Wisconsin v. Christopher W. LeBlanc*, No. 2023AP001517-CR (Wis. Ct. App. 2023), *available at* https://wscca.wicourts.gov/case/2023AP001517 (last visited Sept. 1, 2026). The Court may take judicial notice of public records, including state court records. *See Henson*, 29 F.3d at 284.

(citing Rule 4 of the Rules Governing Section 2254 Proceedings, 28 U.S.C. § 2243, and *Davis v. Franzen*, 671 F.2d 1056, 1057 (7th Cir. 1982)). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

**3.1 Timeliness**

First, the Court considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012) (citing 28 U.S.C. § 2244(d)(1)(A) and *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)).

Here, Petitioner's appeal concluded on May 20, 2026 when the Wisconsin Supreme Court declined to review his case. ECF No. 1 at 34. Petitioner had ninety days thereafter—until August 18, 2026—within which to petition for certiorari in the United States Supreme Court. Petitioner did not do so, ECF No. 1 at 4, so he had one year from that date to file the instant § 2254 petition. Petitioner filed the instant petition on August 5, 2026—well before the August 18, 2027 deadline. His petition, therefore, is timely.

**3.2 Exhaustion**

Next, the Court analyzes whether Petitioner fully exhausted his state-court remedies. A district court may not address grounds raised in a

habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) (citing *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1131–32 (7th Cir. 1990)). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (citing *Thomas v. McCaughtry*, 201 F.3d 995, 999 (7th Cir. 2000)).

A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *See Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). General appeals before the state courts to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *See Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972) (citing *Wilwording v. Swenson*, 404 U.S. 249 (1971) and *Brown v. Allen*, 344 U.S. 443, 448 n.3 (1953)). ECF No. 1 at 6. Here, all three grounds for relief—Ground One, Ground Three, and Ground Four—appear to have been exhausted since Petitioner raised them before the Court of Appeals, ECF No. 1 at 16–33, and the Wisconsin Supreme Court, *id*. at 34.

### 3.3 Procedural Default

The Court next determines whether Petitioner has procedurally defaulted on Ground One, Ground Three, or Ground Four. Even though a constitutional claim in a federal habeas petition has been exhausted, a court

is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002).

A petitioner has procedurally defaulted on a claim if "the state court denied [the claim] based on an adequate and independent state procedural rule." *Crutchfield v. Dennison*, 910 F.3d 968, 973 (7th Cir. 2018) (quoting *Davila v. Davis*, 582 U.S. 521, 527 (2017)). At this juncture, the Court has insufficient information to conclude that any of the grounds are procedurally defaulted.

### 3.4 Frivolous Claims

The Court concludes its Rule 4 review by screening Petitioner's petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Petitioner's ground for relief, it is not plainly frivolous.

## 4. CONCLUSION

For all the reasons set forth herein, Petitioner may seek relief on Ground One, Ground Three, and Ground Four. The case will proceed as discussed below.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs

must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 1st day of September, 2026.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge